IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAWN RUCKER, on behalf of DEMETRIUS ELIAS RUCKER,<br><br>Plaintiff,<br><br>vs.<br><br>OPPOSING PARTY,<br><br>Defendant. | 8:20CV240<br><br>**MEMORANDUM AND ORDER** |

The matter is before the court for initial review of Plaintiff's pro se, in forma pauperis Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff requests that her son, Demetrius Elias Rucker, be placed in a "Boot Camp Program" to learn strategic and tactical measures to protect himself. There is no named defendant, and the court is unable to determine from the Complaint that any federal question is presented.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION

Plaintiff has previously been advised by the court that, as a parent, she does not have standing to file suit on behalf of her adult son, and that even if she might have legal authority to file suit as a guardian or next friend, *see* Fed. R. Civ. P. 17, she cannot proceed without counsel. *See Rucker v. Nebraska Separate Juvenile Ct.*, Case No. 8:13CV173, Memorandum and Order filed June 20, 2013 (Filing No. 7); *Rucker on behalf of Rucker v. Smith, et al.*, Case No. 8:17CV364, Memorandum and order filed January 12, 2018 (Filing No. 6).

### IV. CONCLUSION

This action will be dismissed without prejudice because Plaintiff, as a pro se non-attorney litigant, cannot represent the interests of her son in this matter, which is brought solely on his behalf.

The court will not grant Plaintiff leave to amend because it has concluded that any amendment would be futile.

IT IS THEREFORE ORDERED:

1.  This action is dismissed without prejudice.

2. Judgment shall be entered by separate document.

Dated this 9th day of September, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

3